# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYRA NICHOLSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BAKERSFIELD POLICE OFFICER;<br>DOSSEY Badge # 897 and Does 1<br>through 10,<br>        Defendants. | 1:08-cv-01168-AWI-TAG<br><br>SCREENING ORDER DISMISSING CLAIMS WITH LEAVE TO AMEND (Doc. 4)<br><br>ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT OR SIGN FIRST AMENDED COMPLAINT AND FILE MOTION FOR EARLY DISCOVERY WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Plaintiff Amyra Nicholson ("Plaintiff"), appearing *pro se* and proceeding *in forma pauperis*, filed her "Complaint for Lawsuit Civil Rights Violations" in this matter on August 11, 2008. (Doc. 1.) Her claim for relief under 42 U.S.C. §1983 alleged violations of Plaintiff's civil rights under the Fourth Amendment occurring as the result of a law enforcement search at her home on June 29, 2008. Plaintiff named as defendants "Bakersfield Police Officer; Dossey Badge # 897 and Does 1 through 10." (*Ibid.*) On August 22, 2008, the Court dismissed that complaint, without prejudice, because of pleading deficiencies identified in the initial screening process. The Court granted Plaintiff thirty (30) days to file an amended complaint curing the pleading deficiencies. (Doc. 3.) On September 29, 2008, Plaintiff filed a "First Amended Complaint Civil Rights Violations." (Doc. 4.) She names the same defendants in her first amended complaint as she did in her initial complaint. (Docs. 1, 4.)

**DISCUSSION**

A.   Screening

Title 28 U.S.C. §1915(e) requires the Court to review a complaint filed *in forma pauperis* for its sufficiency before the complaint may be served.  Specifically, the statute mandates dismissal of a complaint that "is frivolous or malicious," "fails to states a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(I), (ii), and (iii).

B.   Standard of Review

In determining the sufficiency of the first amended complaint, the Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiff's favor.  *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  All doubts must be resolved in Plaintiff's favor and the complaint must be construed in the light most favorable to the Plaintiff.  *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976); *Jenkins v. McKeithen* ,395 U.S. 411, 421, 89 S.Ct. 1843 (1969).  The allegations of a *pro se* complaint are held to less stringent standards than pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594 (1972).  "*Pro se* complaints are to be liberally construed and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citations omitted).

All complaints, whether *pro se* or prepared by lawyers, are governed by the notice pleading standard set forth in the Federal Rules of Civil Procedure.  Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The complaint's main purpose "is to provide notice to the defendant of what plaintiff's claim is and the grounds upon which the claim rests. ... [I]t is not necessary that plaintiff state sufficient facts to constitute a cause of action [but] plaintiff ... must set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery."  *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990) (internal citations omitted).  In deciding issues of

a pleading's sufficiency, Fed.R.Civ.P. 8(e) instructs that "[p]leadings must be construed so as to do justice."

In *Gilligan v. Jamco Development Corp.*, 108 F.3d 246 (9th Cir. 1997), the Ninth Circuit said:

> The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim. ... The Supreme Court has explained that "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L.Ed.2d 90, 94, 94 S.Ct. 1683 (1974). In reviewing the sufficiency of a complaint, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Id.*" (Internal quotations and some citations omitted.) *Gilligan*, 108 F.3d at p. 249.

"Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. " *Weilburg*, 488 F.3d at 1205 (internal quotation marks and citation omitted).

While a pleading may be otherwise sufficient, it must still be signed. "Every pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented. ... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed.R.Civ. P. 11(a).

C.   <u>Title 42 U.S.C. §1983 Complaints Alleging Fourth Amendment Violations</u>

Plaintiff's complaint seeks damages under 42 U.S.C. §1983 for violation of her Fourth Amendment right to be free from unreasonable searches and seizures. "The Fourth Amendment protects against invasion of the right of privacy. ... [¶] It represents recognition and embodiment in our fundamental framework of the precept that a man's property and person are inviolable to search except upon due cause [internal quotations and citation omitted]." *Huguez v. United States,* 406 F.2d 366, 374-375 (9th Cir. 1968). Its purpose "is to protect personal privacy and dignity against unwarranted intrusion by the state, meaning that every search must be examined in the light of the Amendment's requirement that it not be 'unreasonable.' " *Id.* And while the government may have sufficient justification for conducting a search, the government's actions in executing that search may still be improper if  unreasonable:

///

3

> Finding the existence of sufficient cause [to initiate the search] ... does not end our inquiry under the fourth amendment. ... [I]n determining whether a search comports with the requirements of the fourth amendment, the scope of the particular intrusion, the manner of its conduct, and the justification for initiating it must all be considered [internal quotes and citation omitted]. Thus a clear indication that the suspect is concealing contraband does not authorize government officials to resort to any and all means at their disposal to retrieve it. Indeed, the fourth amendment imposes a stricter standard on the "means and procedures" of a body search than does the due process clause [citations omitted]. Any body search, if it is to comport with the reasonableness standard of the fourth amendment, must be conducted with regard for the subject's privacy and be designed to minimize emotional and physical trauma. *United States v. Cameron*, 538 F.2d 254, 257-258 (9th Cir.1976).

To plead any constitutional violation under Section 1983, a plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivations of which [the plaintiff complains].' " *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1993). "In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant." *Gossett v. Stewart*, 2008 WL 5146689 *2 (D. Ariz. December 8, 2008)(citing *Rizzo v. Goode*, 423 U.S. 362, 371-372, 96 S.Ct. 958 (1976)).

D.   Plaintiff's Allegations

   1.   *Allegations of Initial Complaint*.

Plaintiff's initial complaint alleged civil rights violations arising out of a parole-related search. Plaintiff alleged that, on June 29, 2008, during a search of her husband, Marcus Miles, a state parolee, and her residence, "defendants" searched her purse without her permission and found a "small [sic] of metamphetamine [*sic*]" in her purse. (Doc. 1 at p. 2.) The complaint also alleged that the purse was taken from Plaintiff as she stood outside the residence and that, at all times relevant to the parole search, Plaintiff was holding or carrying the purse. The Bakersfield Police Department officers who conducted the search of Plaintiff's purse knew that

1  Plaintiff was the wife of the parolee and that the purse she was clutching was hers.  Such
2  allegations, in the earlier opinion of this Court, did state, "for screening purposes, a colorable
3  claim that, not being immediately subject to the parolee's authority and use, Plaintiff's purse was
4  outside the scope of any legitimate parole search.  If ... true, then any arrest or detention of
5  Plaintiff based on the search of the purse, and any search of Plaintiff's person conducted pursuant
6  to that arrest or detention would also be unlawful."  (Doc. 3 at p. 7.)

7  However, other deficiencies in the pleading caused the Court to conclude that the
8  allegations, in total, were insufficient to state a claim upon which relief could be granted.  There
9  was a fatal lack of specificity regarding the involvement of each of the defendants that Plaintiff
10 sought to charge with responsibility for the alleged rights violations.  (Doc. 3.)  Additionally,
11 those allegations attempting to recover damages on behalf of Plaintiff's minor daughter were
12 deficient insofar as such a claim (1) had to be presented in an action prosecuted by an attorney,
13 not a *pro se* parent-plaintiff, and (2) required the appointment of a *guardian ad litem* to appear in
14 the action on behalf of the minor child as a plaintiff.  (Doc. 3 at pp. 8-9.)  The action was brought
15 *pro se* by the child's parent; the parent had not named the child as a plaintiff in the initial
16 complaint; and no *guardian ad litem* had been requested or appointed to prosecute the claim on
17 the child's behalf.  (Doc. 1 at pp. 1-3.)

18  2.  *Allegations of the First Amended Complaint*.

19  Plaintiff's first amended complaint continues to allege civil rights violations arising out
20 of the parole-related search of her husband, Mr. Miles, that occurred at the family residence on
21 June 29, 2008.  Based upon a reading of all the allegations in the amended complaint, it appears
22 that the searches of Mr. Miles and Plaintiff were conducted by unnamed officers of the
23 Bakersfield Police Department.  While Mr. Miles was on active state parole, according to the
24 complaint, Plaintiff was not, nor was she on any active probation.  (Doc. 4 at p. 1.)  The amended
25 complaint no longer asserts a claim on behalf of Plaintiff's minor daughter.

26  Plaintiff has tried to correct the pleading deficiencies related to the lack of specificity
27 implicating various defendants.  In this regard, Plaintiff identifies "Does defendants number 2" as
28 the police officer responsible for seizing and searching her purse and "Does defendant number 3

5

a (female [Bakersfield Police Department]) officer" as the officer who conducted the strip search and visual body cavity search of Plaintiff in the residence of the family home.  (Doc. 4 at pp. 1, 2.)  Plaintiff also adds an allegation that she "is unable to more fully identify the other Does defendant at this time in of the fact [*sic*] that said (BPD) [*sic*] officers [*sic*] names were never entered upon any arresting documents."  (Doc. 4 at p. 2.)  Despite these changes, Plaintiff's first amended complaint continues to omit factual allegations that would link Defendant "Dossey Badge # 897" ("Officer Dossey") to any acts or omissions that resulted in the civil rights violations of which Plaintiff complains.  (Doc. 4, pp. 1-3.)  Plaintiff sues "Defendants" (not otherwise specified) in both their individual and official capacities.  (Doc. 4 at p. 1.)

        The first amended complaint also restates the allegations concerning the seizure and search of Plaintiff's purse.  However, the first amended complaint clarifies the location where "a small amount of  metamphetamine [*sic*]" was found during this parole-related search.  It was not found in Plaintiff's purse, it was found in "[P]laintiff's car and/or residence."  (Doc. 4 at p. 2.)  Plaintiff's purse was searched before the search of Plaintiff's car and/or residence took place.  (Doc. 4 at p. 2.)  After finding this "small amount of methamphetamine"in "[P]laintiff's car and/or residence," Plaintiff was handcuffed, taken to a bathroom in her residence, "was ordered by defendants to spread [her] legs apart and bend over and the female officer of the Bakersfield Police Department ran her fingers from the front of [her] vagina to the back of [her] behind [*sic*]."  It is not unreasonable to infer from all the allegations in the first amended complaint that Plaintiff was required to remove her clothing as part of the search of her person conducted by the female officer of the Bakersfield Police Department.  (*See* allegations of the "First Cause of Action," Doc. 4 at p. 2.)  Plaintiff alleges that she experienced "defendants [*sic*] acts or omissions to act [in the conduct of these searches]" as "dehumanizing and humiliating"(Doc. 4 at pp. 2, 3) and that these actions or omissions violated her Fourth Amendment right to be free from unreasonable searches and seizures.  (*Id.*)   Plaintiff seeks monetary damages "against defendants and each of them" for the constitutional violations alleged in her amended complaint.  (Doc. 4 at p. 3.)

///

The remaining allegations of the initial complaint are incorporated unchanged into Plaintiff's first amended complaint. Unlike the initial complaint, Plaintiff failed to sign the first amended complaint. (Doc. 4 at p. 3.)

E.  Analysis

A complaint that sets forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery" is sufficient. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

1. *Plaintiff's claims.*

Plaintiff's theory of liability is clear. She alleges that, on June 29, 2008, officers of the Bakersfield Police Department conducted a parole-related search of her husband at the home shared by Plaintiff and her husband. While executing the search, and after having handcuffed and detained Plaintiff's husband, the officers asked Plaintiff if she was on any active parole or probation. (Doc. 4 at p. 1.) Plaintiff told them she was not. (Doc. 4 at p. 1.) The officers asked for permission to search her purse, which she declined. (Doc. 4 at p. 1.) The officers then seized and searched Plaintiff's purse. (Doc. 4 at pp. 1-2.) Subsequently, they searched the home and Plaintiff's car (apparently parked at the residence) and found methamphetamine in one or both of these locations. (Doc. 4 at p. 2.) After discovering the methamphetamine, Bakersfield Police Department officers handcuffed Plaintiff and conducted a strip search and a body cavity search of Plaintiff. Plaintiff alleges that these searches violated her constitutional rights under the Fourth Amendment and seeks redress under 42 U.S.C. §1983.

2. *Fourth Amendment violation as basis for § 1983 claim.*

(A)  Legal standards.

To state a claim under 42 U.S.C. § 1983 for a Fourth Amendment violation, Plaintiff must allege that the Defendants conducted an unreasonable search. *Samson v. California*, 547 U.S. 843, 848, 126 S.Ct. 2193 (2006). Under the Fourth Amendment, the Court examines the totality of the circumstances to determine whether a search is reasonable, which in turn is determined by weighing the intrusion on the individual's privacy right against the promotion of a legitimate governmental interest. *Id.* Warrantless searches are presumptively unreasonable apart

7

from narrow exceptions. *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403, 126 S.Ct. 1943 (2006).

The person and residence of a parolee may be searched even if the police suspect no wrongdoing. *Samson*, 547 U.S. at 856; *United States v. Lopez*, 474 F.3d 1208, 1213-1214 (9th Cir. 2007). However, "before conducting a warrantless search ... law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched." *Motley v. Parks*, 432 F.3d 1072, 1080 (9th Cir.2005) (en banc). Absent such probable cause, "[n]othing in the law justifies the entry into and search of a third person's house to search for the parolee." *Id*. at 1079. Such a requirement protects the rights of third party residents. *Id*. at 1080.

(B)  Search of the residence, car, and purse.

Under the above-cited standards, the searches by Bakersfield Police Department officers of Mr. Miles' residence on June 29, 2008 and "Plaintiff's car" were arguably permissible, at least in principle. The family home and other marital property, such as the wife's car, might reasonably be areas over which the parolee exercised joint possession, access, and/or control.

However, the first amended complaint does not specify exactly where in the car and/or the home the methamphetamine was found, or to whom its ownership was attributed. If the methamphetamine were located in a portion of the car or the house to which Plaintiff clearly did not have access or about which she had no knowledge, the search and constructive arrest of Plaintiff would be unreasonable. On the other hand, if the methamphetamine was found in a location inside the house or the car "obviously belonging" *only* to Plaintiff, and to which Miles' would not reasonably have had access, then there would be an insufficient basis to justify the search of those areas in the first instance. (*Cf. People v. Boyd*, 224 Cal.App.3d 736 (1990), authorizing a parole search of a purse that was "not distinctly feminine" found in a trailer cohabited by parolee and his girlfriend. But *see also People v. Veronica,* 107 Cal.App.3d 906 (1980) where a purse having designs like "a woman would wear" and therefore obviously belonging to parolee's wife could not be searched in warrantless parole search of the family residence made pursuant to a search executed by the parolee as a condition of his parole.) Given these disparate possibilities,

it does *not* appear "beyond doubt that Plaintiff can prove no set of facts in support of her claim" that she is entitled to relief as a result of the searches of the car and residence.

Nor would the fact of a parole search make the search of Plaintiff's purse reasonable *per se.* Plaintiff's first amended complaint alleges that her purse was taken from her by Doe defendant number 2, an otherwise unnamed Bakersfield police officer, as Plaintiff stood outside the residence; that the purse was in her possession at all times relevant to the parole search; that the police knew Plaintiff was the wife of the parolee; that she had refused consent to search the purse; and that they also knew the purse she clutched was hers. Such allegations state a colorable claim, at least to the extent that Plaintiff's purse was outside the scope of any legitimate parole search, because her purse was not immediately subject to the parolee's authority and use. (Doc. 3 at pp. 6-7.) If true, any damages Plaintiff suffered as the direct result of the search of her purse might be compensable.

(C) Search of Plaintiff.

The next issue is the allegation of an illegal search of Plaintiff's person. "There is ample justification...for a search of the arrestee's person and the area 'within his immediate control'-construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California*, 395 U.S. 752, 762-763, 89 S.Ct. 2034 (1969) (citations omitted). Moreover, officers may "as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched" and further "is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Maryland v. Buie*, 494 U.S. 325, 334, 327, 110 S.Ct. 1093 (1990). These two cases demonstrate that protective sweeps are designed to prevent harm to police from two distinct sources: the arrestee using a weapon close at hand (*Chimel*) and an antagonistic third party located nearby (*Buie*).

In *United States v. Reid*, 226 F.3d 1020, 1027 (9th Cir. 2000), the Ninth Circuit noted that police said the criminal defendant was not under arrest and there was no probable cause for arrest at the time the sweep was undertaken. *Id.* at 1023. In an earlier case, the Ninth Circuit found

9

"Once [the officer] had probable cause to arrest [the defendant], he was entitled to search him before formally making the arrest. A search incident to an arrest is valid whether it occurs immediately before or after the arrest." *United States v. Potter*, 895 F.2d 1231, 1234 (9th Cir.1990). The U.S. Supreme Court has agreed, noting that "[w]here the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556 (1980).

Hence, if the initial search that uncovered the contraband was lawful and officers developed probable cause to arrest Plaintiff for possession of contraband, the officers were entitled to conduct both a protective sweep of the area under *Buie* and a search of Plaintiff's person under *Chimel,* either immediately before or after an actual arrest. The converse is also true, i.e., if the search was unlawful, officers could not search Plaintiff's person under either theory. Since the Court finds that Plaintiff has sufficiently alleged a potential theory of liability that the search was improper, Plaintiff has necessarily also alleged sufficient facts that the search of her person under either a *Chimel* theory or a *Buie* theory was unjustified.

This reasoning applies as well to the allegation of a strip search. For a strip search to satisfy constitutional concerns, the officers must have had a reasonable suspicion that Plaintiff had either drugs or weapons on her person. *See Ward v. San Diego County*, 791 F.2d 1329, 1332 (9th Cir.1986) ("[A] strip search could be justified if the arresting officer had at least a reasonable suspicion that the arrestee possessed a weapon or contraband."); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1446 (9th Cir.1991) ("[A] visual body cavity search of a particular detainee for contraband or weapons may still be justified where a police officer has reasonable suspicion to conduct such a search.").

As discussed above, the search of Plaintiff's person can be justified only in connection with the discovery of contraband in her actual or constructive possession. If, as discussed above, the officers lacked grounds to conduct the search that uncovered the contraband, no reasonable suspicion would exist to believe Plaintiff had additional contraband or weapons on her person. Thus, a strip search would be unjustified. Accordingly, the Court concludes that, at this juncture,

it does *not* appear "beyond doubt that Plaintiff can prove no set of facts in support of her claim" that she is entitled to relief as a result of the searches.

3. *Relief requested.*

Plaintiff's first amended complaint sets forth the relief she requests in this action. She seeks monetary damages in the amount of "$50,000.00 against defendants and each of them." (Doc. 4 at p.3.) It is reasonable to infer from Plaintiff's allegations that the damages are compensation for the emotional distress/mental suffering resulting from the allegedly unlawful searches of her person and her purse.

4. *The defendants.*

(A) Officer Dossey.

Plaintiff's allegations with respect to just who is being sued and for what acts remain less than artful. As mentioned earlier, Plaintiff has attempted to cure the initial complaint's deficiencies in this area by identifying "Does defendants number 2" as the officer responsible for seizing and searching her purse and "Does defendant number 3 a (female [Bakersfield Police Department]) officer" as the officer who conducted the strip search and visual body cavity search of Plaintiff in the residence of the family home. (Doc. 4 at pp. 1, 2.) Plaintiff also now alleges that she "is unable to more fully identify the other Does defendant at this time in of the fact [*sic*] that said (BPD) [*sic*] officers [*sic*] names were never entered upon any arresting documents." (Doc. 4 at p. 2.)

Plaintiff's first amended complaint does not cure the deficiencies described by this Court in its previous order with respect to Defendant Officer Dossey. (Doc. 3 at pp. 7-8.) Plaintiff continues to include "Bakersfield Police Officer; [sic] Dossey Badge #897" in the caption of her first amended complaint but still does not say in the body of that complaint what Officer Dossey did or did not do that resulted in the alleged violation of Plaintiff's constitutional rights. Without that information, this Court concludes that Plaintiff's claims remain insufficient to entitle her to any relief from Officer Dossey. Fed R. Civ.P. 8(a); *Gossett*, 2008 WL 5146689 at *2; *Rizzo,* 423 U.S. at 371-372; *Monell v. Department of Social Services*, 436 U.S. 658, 691-692, 98 S.Ct. 2018 (1978). According, the Court will dismiss Plaintiff's claims against Officer Dossey.

However, it is not absolutely clear that the deficiencies of the complaint vis-a-vis Officer Dossey could not be cured by amendment. For this reason, Plaintiff's claims as to Officer Dossey will be dismissed with leave to amend, and Plaintiff will be given an opportunity to file a second amended complaint to allege with specificity how Officer Dossey is involved, which claims are relevant to Officer Dossey, and what Officer Dossey did or did not do that resulted in the alleged violation of Plaintiff's constitutional rights. See *Weilburg*, 488 F.3d at 1205.

(B) The Doe defendants.

(1) Lack of specificity.

Left in this action are Defendants Does 1 through 10, two of whom are now identified in the amended complaint as the individual officers of the Bakersfield Police Department who conducted the search of Plaintiff's purse (Doe 2) and person (Doe 3). Plaintiff's first amended complaint does not cure the deficiencies as to the remaining Doe defendants (Does 1, 4, 5, 6, 7, 8, 9, and 10) because it fails to specify a causal connection or link between the actions of each of them and the deprivation alleged to have been suffered by Plaintiff. In other words, the first amended complaint is deficient as to Defendants Does 1, 4, 5, 6, 7, 8, 9, and 10 because it does not allege in specific terms how each of them is involved, which claims are relevant to each of them, and what each of them did or did not do that resulted in the alleged violations of Plaintiff's constitutional rights. *McHenry*, 84 F. 3d at 1175. Without that information, Plaintiff has failed to state a claim as to each of them. Fed R. Civ.P. 8(a).

(2) Use of Doe defendants.

Rule 10 of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The Rules do not otherwise expressly authorize or prohibit the use of Doe defendants. The use of Doe defendants causes both legal and practical[1] problems, and is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999), *McKellip v. Las Vegas*

---

[1] "As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant." *Gossett,* 2008 WL 5146689 at *2.

*Metropolitan Police Department*, 2007 WL 173857 at *4 (D. Nev. 2007). Nevertheless, "where the identity of alleged defendants will not be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants," unless it is clear that discovery would not uncover the identities or that the complaint should be dismissed on other grounds. *Gillespie*, 629 F. 2d at 642; see *Wakefield*, 177 F.3d at 1163 (citation omitted).

(a) Identities may be discovered.

The fact that there are no named defendants to serve in this action at this time, is not a sufficient basis to dismiss Plaintiff's claims against Does 2 and 3, because with leave of court, Plaintiff would be able to cause a subpoena to be issued to a non-party within the Bakersfield Police Department to discover the identities of the officers sued as Does 2 and 3. *See* Fed.R.Civ.P. 26(d) (district court may order discovery early in the case) and Fed. R. Civ.P. 45 (allows service of a subpoena on a non-party); *see Cottrell v. Unknown Correctional Officers, 1-10*, 230 F. 3d 1366 (9th Cir. 2000).

(b) No other grounds for dismissal of entire case.

There are no other grounds for dismissal of the entire case at this stage because, as discussed above, the first amended complaint is sufficient to state a claim against Does 2 and 3. The only other basis to consider dismissal arises out of the fact that the first amended complaint is not signed. Fed.R.Civ.P. 11(a)(every pleading must be signed by a party personally if the party is unrepresented). However, an unsigned complaint may be stricken for lack of signature only when the omission is not promptly corrected after being called to the party's attention. *Id.*

(c) A second opportunity to amend.

The first amended complaint alleges the involvement of Does 2 and 3, but it does not do the same for the remaining Doe defendants. However, the Court is unable to conclude that the deficiencies of the complaint vis-a-vis Does 1, 4, 5, 6, 7, 8, 9, and 10 cannot be overcome by amendment. For this reason, Plaintiff's claims as to Does 1, 4, 5, 6, 7, 8, 9, and 10, will be dismissed with leave to amend, and Plaintiff will be given an opportunity to file a second amended complaint to allege with specificity how each of those Doe defendants is involved,

which claims are relevant to each of them, and what each of them did or did not do that resulted in the alleged violation of Plaintiff's constitutional rights.

An amended complaint supercedes the original complaint, and must be "complete in itself without reference to the prior or superceded pleadings." Local Rule 15-220; Forsyth v. Humana, Inc., 114 F. 3d 1467, 1474 (9th Cir. 1997). Once an amended complaint is filed, the original pleading no longer serves any function in the action. Therefore, in an amended complaint, as in an original complaint, each claims and the underlying facts must be sufficiently alleged.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants Officer Dossey Badge #897 and Does 1, 4, 5, 6, 7, 8, 9, and 10 and Plaintiff's claims against them in the first amended complaint (Doc. 4), are DISMISSED, with leave to amend, for failure to state a claim upon which relief can be granted;

2. No later than twenty (20) days from the date of service of this order, Plaintiff *shall do one of the following:*

   A. File a second amended complaint to cure the deficiencies identified by the Court in this order; or

   B. Sign and re-file the first amended complaint or file a pleading causing her original signature to be affixed to the first amended complaint, AND file a motion seeking leave of court to conduct limited discovery to ascertain the identifies of the Defendants Does 2 and 3. If Plaintiff elects this option, the first amended complaint will then proceed without the defendants dismissed in this order.

3. If Plaintiff elects to file a second amended complaint and files it in a timely fashion, the Court will screen the second amended complaint and issue a screening order regarding the sufficiency of the second amended complaint, and the need at that time, if any, for Plaintiff to seek leave of court to conduct limited discovery to ascertain the identities of any Doe defendants. Consequently, if Plaintiff files a timely second amended complaint, Plaintiff is not required to conduct such limited discovery unless she is ordered to do so in the Court's screening order that will be issued after the second amended complaint is filed.

4. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Plaintiff's failure to comply with this order will result in the issuance of findings and recommendations recommending that this action de dismissed with prejudice. Local Rule 11-110; <u>Ferdik v. Bonzelet</u>, 963 F. 2d 1258, 1260-1261 (9th Cir. 1992).

IT IS SO ORDERED.

Dated: **January 14, 2009**                                    /s/ Theresa A. Goldner
                                                       UNITED STATES MAGISTRATE JUDGE