# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYRA NICHOLSON,<br><br>        Plaintiff,<br><br>v.<br><br>BAKERSFIELD POLICE OFFICER;<br>DOSSEY Badge # 897 and Does 1<br>through 10,<br>        Defendants. | 1:08-cv-01168-AWI-BAK (SMS)<br><br>ORDER DENYING MOTION FOR LIMITED PRE-TRIAL DISCOVERY (Doc. 7)<br><br>ORDER SETTING FURTHER STATUS CONFERENCE |

**PROCEDURAL HISTORY**

Plaintiff Amyra Nicholson ("Plaintiff"), initially appearing pro se and still proceeding in forma pauperis, filed her "Complaint for Lawsuit Civil Rights Violations" in this matter on August 11, 2008. (Doc. 1.) Her claim for relief under 42 U.S.C. §1983 alleged violations of Plaintiff's civil rights under the Fourth Amendment occurring as the result of a law enforcement search at her home on June 29, 2008. Plaintiff named as defendants "Bakersfield Police Officer; Dossey Badge # 897 and Does 1 through 10." (Id.) On August 22, 2008, the Court dismissed that complaint, without prejudice, because of pleading deficiencies identified in the initial screening process. The Court granted Plaintiff thirty (30) days to file an amended complaint curing the pleading deficiencies. (Doc. 3.) On September 29, 2008, Plaintiff filed a "First Amended Complaint Civil Rights Violations." (Doc. 4.) She named the same defendants in her first amended complaint as she did in her initial complaint. (Docs. 1, 4.) On January 14, 2009, the Court screened the first amended complaint and ordered Defendants Officer Dossey Badge

#897 and Does 1, 4, 5, 6, 7, 8, 9, and 10 dismissed for failure to state a claim upon which relief could be granted, provided, however that Plaintiff could file a second amended complaint, within twenty days after the date on which the order was served, curing the deficiencies identified by the Court in its January 14, 2009 order. (Doc. 5.) Alternatively, the Court ordered that Plaintiff could sign and re-file the first amended complaint or otherwise file a pleading causing her signature to be affixed to the first amended complaint, and file a motion seeking leave to conduct limited discovery to ascertain the identities of Does 2 and 3 named therein. (Id.) The Court further ordered that, if Plaintiff chose to pursue this alternative course of action, the first amended complaint would proceed without the dismissed defendants. (Id.)

On January 29, 2009, Plaintiff re-filed the previously screened First Amended Complaint with her signature affixed to that document. (Doc. 6.)

On February 3, 2009, Plaintiff filed her Motion and Notice of Motion for Limited Pre-Trial Discovery. (Doc. 7.) That document provides, in its entirety, as follows:

> PLEASE TAKE NOTICE ATTORNEYS FOR DEFENDANTS:
> that on March 10, 2009 [sic] plaintiff will move the Court for a [sic] order permitting limited pre-trial discovery from defendants. [¶] This motion will be based upon this notice motion, points and authorities and all pleadings, records and files in this action.
>
> MEMORANDUM OF POINTS AND AUTHORITIES
>
> Plaintiff cites Federal Rule of Civil Procedure, [sic] Rules 33 and 34 and all pleadings, files and orders in support of this motion to conduct pre-trial discovery in this action.

(Id.) Plaintiff's proof of service attached to this motion declares, "under penalty of perjury under the laws of the State of California," that she served the document by United States mail on "Attorney for Defendants, Bakersfield City Attorney Office, 1500 Truxtun Avenue, Bakersfield, California 93301." (Id.)

To the best of the Court's knowledge, Plaintiff had no contact with this Court on March 10, 2009 regarding the above-described motion. Furthermore, no other person appeared on March 10, 2009 or otherwise contacted the Court in connection with Plaintiff's motion for limited pre-trial discovery.

On May 4, 2009, the Court ordered Plaintiff to personally appear before the Court for a

status conference on May 11, 2009. (Doc. 11.) Plaintiff personally appeared on that date and granted Plaintiff the opportunity to obtain legal representation in this matter until June 15, 2009. (Id.) The Court further advised Plaintiff that the Court would rule on the pending motion for limited pre-trial discovery after June 15, 2009. (Id.)

On June 5, 2009, the Court ordered that attorney James C. Holland be substituted as counsel in this matter in place of Plaintiff, pursuant to a duly signed and filed Substitution of Attorney. (Doc. 12.)

No further action has occurred in this matter since June 5, 2009. See Docket Activity Report.

To date, no summons has been issued in this matter because there are no named Defendants. The two defendants against whom Plaintiff has stated a sufficient claim for relief are described in the complaint as Does 2 and 3. Prior to her representation by legal counsel, Plaintiff had alleged that she was unable to discover the true names and capacities of these defendants because she could not obtain documents or other information from the local law enforcement agency involved in the incident that included the names of those officers. (Doc. 6, 2:13-15.)

**DISCUSSION**

When Plaintiff filed her Motion for Limited Pre-Trial Discovery, she was proceeding pro se in this matter. Her moving papers were spare to the point of being skeletal and, understandably, did not comply with Rule 78-230 of the Local Rules of the United States District Court for the Eastern District of California. The Court recognizes that pro se litigants who are unschooled in the law are often hampered in their efforts to prosecute their claims efficiently and effectively. Still, any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure and by the Local Rules of the United States District Court for the Eastern District of California. See Local Rule 83-183(a).

The most appropriate use of the public's limited judicial resources would not be served by

1  proceeding to decide Plaintiff's discovery motion in its present form and condition.[1]  Fortunately,
2  Plaintiff is now represented in this matter by legal counsel.  Plaintiff's counsel has had several
3  months to familiarize himself with this case and to gather additional information.  As a result, the
4  Court anticipates that Plaintiff should now be in a position either to further amend the complaint
5  to show the true names and capacities of Does 2 and 3 or to provide the Court with a civil motion
6  for limited pre-trial discovery that fully conforms to the requirements of Fed.R.Civ.P. 7 and
7  Local Rule 78-230 of the United States District Court for the Eastern District of California.  The
8  Court expects such a motion would include an affidavit describing, with specificity, the efforts
9  made to date to identify the names and capacities of Does 2 and 3; the degree to which success
10 has eluded Plaintiff and the reason(s) for that lack of success;  the manner in which Plaintiff
11 proposes to discover this information; and the date by which Plaintiff anticipates achieving
12 proper service of the selected discovery tool.  Furthermore, the Court expects that such an
13 affidavit  would be accompanied by the notice, motion, brief , and any documentary evidence, as
14 required by Local Rule 78-230(b) of the United States District Court for the Eastern District of
15 California.

**ORDER**

17     Accordingly, IT IS ORDERED that Plaintiff's motion for limited pre-trial discovery is
18 DENIED for failure to comply with Local Rule 78-230(b), without prejudice to Plaintiff's re-
19 noticing the motion and filing appropriate supporting documents in compliance with the pertinent
20 rules of court.
21     IT IS FURTHER ORDERED that a further status conference be held in this matter on
22 October 14, 2009 at 11:00 a.m. in Courtroom 7 before United States Magistrate Judge, Sandra M.
23 Snyder.

---

[1] A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

4

1  IT IS SO ORDERED.

2  **Dated:      September 9, 2009**                    /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE