# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYRA NICHOLSON, et al., | CASE NO. 1:08-cv-01168-AWI-SKO |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT TO ADD DOE DEFENDANT** |
| v. | |
| BAKERSFIELD POLICE OFFICER DOSSEY, BADGE #897, et al., | (Docket No. 61) |
| Defendants. | |

## I. INTRODUCTION

On October 12, 2011, Plaintiffs Amyra Nicholson; C.W., a minor by her Guardian ad Litem Amyra Nicholson; R.S.W, a minor by her Guardian ad Litem Amyra Nicholson; and Brittany Williams (collectively, "Plaintiffs") filed a motion for leave to amend the complaint to name Bakersfield Police Officer Lynn Martinez ("Officer Martinez") as Doe 1. (Doc. 61.) The Court reviewed the motion and supporting documents and determined that this matter is suitable for decision without oral argument.

For the reasons set forth below, Plaintiffs' motion to amend the complaint is DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Amyra Nicholson ("Nicholson"), initially appearing *pro se* and *in forma pauperis*, filed her initial complaint on August 11, 2008. (Doc. 1.) The Court dismissed the complaint without

prejudice due to pleading deficiencies identified in the initial screening process. (Doc. 3.) Plaintiff Nicholson filed a first amended complaint on September 29, 2008, which was screened by the Court and dismissed with leave to amend on January 14, 2009. (Docs. 4, 5.) A second amended complaint was filed on January 29, 2009, and Plaintiff Nicholson filed a motion seeking limited pre-trial discovery on February 3, 2009. (Docs. 6, 7.)

Plaintiff obtained counsel on June 5, 2009, and moved to file a third amended complaint on October 14, 2009. (Docs. 12, 15.) On October 14, 2009, the Court deemed that motion to be a status conference statement and allowed the third amended complaint to be filed by October 19, 2009. (Docs. 16, 17.) The third amended complaint is the operative pleading.

The third amended complaint added Brittany Williams and minors C.W. and R.S.W. as Plaintiffs. (Doc. 17.) Plaintiffs allege that on June 29, 2007, they were illegally detained and "essentially strip-searched" at their residence by officers of the Bakersfield Police Department. (Doc. 17, ¶ 14.) Plaintiffs assert that the Defendant police officers "reported that they were present to conduct a parole search of another occupant of plaintiffs' residence." (Doc. 17, ¶ 14.) Plaintiffs contend that "Plaintiffs Amyra Nicholson, minor C.W., and Brittany Williams were strip searched by a female officer whose name remains unknown to plaintiffs but who is believed to be among the presently-named defendant officers." (Doc. 17, ¶ 14.) Plaintiff minor R.S.W. was strip searched by a male officer. (Doc. 17, ¶ 14.) Plaintiffs further contend that "Defendant officer Dossey further used illegal and unjustified force to knock plaintiff Amyra Nicholson to the ground, illegally searched her purse, and was present and personally participated in the decision(s) to strip search plaintiffs." (Doc. 17, ¶ 14.) Plaintiffs' third amended complaint alleges causes of action for violating federal civil rights, assault, battery, false imprisonment, and infliction of emotional distress. (Doc. 17.)

On April 27, 2010, the Court issued a scheduling order, and an amended scheduling order was issued on January 20, 2011. (Docs. 40, 42.) Pursuant to the amended scheduling order, the discovery deadlines were May 25, 2011, for non-expert discovery; June 1, 2011, for expert disclosure; June 20, 2011, for supplemental expert disclosures; and July 11, 2011, for expert discovery. (Doc. 42.) The scheduling order also set a non-dispositive motion filing deadline of July

22, 2011, a dispositive motion filing deadline of August 29, 2011, a pre-trial conference date of November 18, 2011, and a trial date of January 10, 2012. (Docs. 40, 42.)

On August 29, 2011, Defendants filed a motion for summary judgment. (Doc. 51.) Plaintiffs filed an opposition on September 27, 2011. (Doc. 57.) Among Plaintiffs' arguments in the opposition was a request to amend their complaint to name Officer Martinez as Doe Defendant No. 1, contending that they only learned of Officer Martinez' identify after "conducting considerable discovery." (Doc. 57, 2:6-8, 9:5-13.)

On October 3, 2011, Defendants filed their reply to the motion for summary judgment and argued that Plaintiffs' request to amend their complaint was improper and untimely. (Doc. 58, 7:12-9:21.) Defendants noted procedural and substantive defects in Plaintiffs' request, including that Plaintiffs had not filed a noticed motion, had not complied with Local Rule 137(c) by failing to include the proposed fourth amended complaint, and that Defendants would be prejudiced by allowing amendment. (Doc. 58, 7:12-9:21.) Defendants argued that Plaintiffs were not diligent and their request was untimely as Plaintiffs had known of Officer Martinez' existence on or before May 12, 2011, when they noticed her deposition, but had waited to seek amendment until September 27, 2011, when they filed their opposition to the motion for summary judgment. (Doc. 58, 9:5-10.) Defendants noted that Plaintiffs knew of Officer Martinez prior to the discovery cut-off deadlines but sought amendment months after the deadlines had passed.

On October 7, 2011, the Court issued an order taking Defendants' motion for summary judgment under submission and allowing Plaintiffs to file a motion for leave to amend. (Doc. 59.) The Court noted that Plaintiffs' request for amendment in their opposition to summary judgment had "a number of procedural problems" and that any properly noticed motion to amend filed pursuant to the order "should comply with the Local Rules, and should explain why there was not an attempt to include Martinez sooner than September 27, 2011." (Doc. 59, 1:25-2:2.)

On October 12, 2011, Plaintiffs filed the instant motion to amend the complaint. (Doc. 61.)

## III.     DISCUSSION

**A.     Legal Standards**

### 1.     Standard for Amending the Pleadings Under Federal Rule of Civil Procedure 16(b)

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. (internal citation and quotation marks omitted).

Good cause may be found to exist where the moving party shows, for example, that it: (1) diligently assisted the court in recommending and creating a workable scheduling order, *see In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997), (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, *see Johnson*, 975 F.3d at 609, and (3) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order, *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *see also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). "If [the] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. If the Court finds that there is good cause to modify the schedule, the court then turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607 ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

**2. Standard for Amendment Under Federal Rule of Civil Procedure 15(a)**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)-(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.* Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

**3.     Local Rule 137(c)**

Rule 137(c) of the Local Rules of the United States District Court for the Eastern District of California ("Local Rule") provides in pertinent part that, "[i]f filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to the moving papers seeking such leave."

///
///
///
///

**B.  Analysis**

    **1.  Plaintiffs' Motion Failed to Comply with Local Rule 137(c)**

Local Rule 137(c) provides that if a document requires leave of the court to file, the document shall be attached with the motion seeking leave. Here, Plaintiffs failed to attach the proposed amended complaint.

Plaintiffs contend that there is no substantively amended pleading and that California Code of Civil Procedure Section 474 allows Plaintiffs to plead a "Doe Amendment" by filing a one-page document naming the Doe Defendant. (Doc. 67, 2:16-3:12.) In federal court, however, federal procedural rules apply. Thus, to add a "Doe Defendant," Plaintiffs must file a motion seeking amendment to the complaint to add that individual as a named defendant. *See Brass v. Cnty. of L.A.*, 328 F.3d 1192, 1197-98 (9th Cir. 2003); *Gomez v. Serv. Emps. Int'l Union Local 87*, No. C 10–01888 RS, 2010 WL 4704407, at *6 (N.D. Cal. Nov. 12, 2010).

Plaintiffs were aware of the need to comply with Local Rule 137, as Defendants had raised this issue in their reply papers for the motion for summary judgment, and the Court's order allowing Plaintiffs to file a motion to amend the complaint stated that Plaintiffs' "motion should comply with the Local Rules," particularly Local Rule 137. (Doc. 59.)

While Plaintiffs' motion may be denied on procedural grounds alone – especially in light of the District Court's explicit instructions – the Court will nonetheless analyze the merits of the motion to determine if Plaintiffs' requested amendment is proper.

    **2.  Plaintiffs Have Exhibited a Lack of Diligence and Have Not Established Good Cause as Required Under Federal Rule of Civil Procedure 16(b)**

The Court issued an amended scheduling order on January 20, 2011, and set deadlines, all of which have passed with the exception of the pre-trial conference and the trial, set for November 18, 2011, and January 10, 2012, respectively. (Doc. 42.) The Court would be required to extensively modify the scheduling order to allow Officer Martinez to develop her defense and file any motions.

As noted above, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether good cause exists to modify a scheduling order rests

on whether the party seeking the modification has been diligent. *See Johnson*, 975 F.2d at 609. Here, Plaintiffs have not been diligent in seeking amendment.

Plaintiffs learned of Officer Martinez' identity during the deposition of Sergeant Pfugh on May 10, 2011. (Doc. 61-1, Holland Decl., ¶¶ 1-2.) Plaintiffs then noticed Officer Martinez' deposition on May 12, 2011, and deposed her on May 24, 2011. (Doc. 61-1, Holland Decl., ¶¶ 1-2.) These dates were prior to the discovery deadline of May 25, 2011. Plaintiffs, however, did not request to amend their complaint to add Officer Martinez as a defendant until September 27, 2011, months after the discovery deadlines had passed, when they filed their opposition to Defendants' motion for summary judgment. (Doc. 57.) As such, Plaintiffs waited more than four months after learning Officer Martinez' identity and deposing her before seeking to add her as Doe Defendant No. 1. Plaintiffs have provided no explanation for this delay, despite the Court's order that Plaintiffs "should explain why there was not an attempt to include Martinez sooner than September 27, 2011." (Doc. 59, 2:1-2.)

As Plaintiffs have failed to explain their delay in seeking to amend their complaint to add Officer Martinez, Plaintiffs cannot show that they have been diligent in seeking amendment. As such, the Court cannot conclude that there is good cause to modify the scheduling order to allow Plaintiffs to join new parties, thus necessitating the need to reopen discovery, set new motion filing deadlines, and reschedule the pre-trial conference and trial dates. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming district court's denial of motion to amend pleadings filed on the eve of the discovery deadline).

Accordingly, as Plaintiffs have not been diligent in seeking amendment, Plaintiffs' motion to amend the complaint is DENIED.

### 3. Plaintiffs' Amendment Is Not Warranted Under Federal Rule of Civil Procedure 15(a)

While good cause does not exist under Rule 16(b) to amend the pleadings, the Court nonetheless analyzes whether, even if good cause did exist, the proposed amendment could be granted under Rule 15(a).

///

### a. Prejudice to the Opposing Party

As consideration of prejudice to the opposing party carries the greatest weight, the Court considers this factor first. *Eminence Capital, LLC*, 316 F.3d at 1052. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Solomon*, 151 F.3d at 1139 (affirming that a motion to amend filed on the eve of the discovery deadline "would cause undue delay and prejudice"); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (affirming denial of leave to amend where defendant would have been unreasonably prejudiced by addition of new claims only four months before trial).

Plaintiffs' proposed amendment to add a defendant is highly prejudicial. Based on the current schedule in this action, Officer Martinez has no time to conduct discovery, file any pretrial motions, or otherwise adequately defend her case, as the deadlines have passed for both discovery and the filing of dispositive motions. (Doc. 42.) Further, Defendants have a motion for summary judgment pending that would almost certainly have to be withdrawn and refiled if Officer Martinez is added as a defendant. Even if the motion were not withdrawn, Officer Martinez must still be provided time to develop her defense and file her own motions. To the extent the case against the current Defendants proceeds following the motion for summary judgment, the posture of the claims against Officer Martinez would delay the rest of the litigation. The pre-trial conference date is currently set for November 18, 2011, and the trial date is set for January 12, 2012; thus, Officer Martinez would not have adequate time to prepare a defense in this limited time frame.

As such, this factor weighs heavily against allowing the proposed amendment.

### b. Bad Faith in Seeking Amendment

Defendants do not argue that Plaintiffs are seeking this amendment in bad faith. While Plaintiffs did not request to amend the complaint until they filed their opposition to Defendants' motion for summary judgment, the record does not affirmatively indicate that Plaintiffs are acting in bad faith. As such, this factor does not weigh against amendment. *See DCD Programs, Ltd.*, 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.").

### c. Undue Delay in Seeking Amendment

As discussed above in the analysis under Federal Rule of Civil Procedure 16(b), Plaintiffs were not diligent is seeking amendment. Plaintiffs knew of Officer Martinez' identity and deposed her in May 2011. (Doc. 61-1, Holland Decl., ¶¶ 1-2.) "Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp.*, 194 F.3d at 986 (citations omitted). Further, "[u]ndue delay is a valid reason for denying leave to amend." *Texaco, Inc.*, 939 F.2d at 798.

As noted above, Plaintiffs waited over four months after learning of Officer Martinez' identity to request amendment, and when that request was finally made it was set forth in Plaintiffs' opposition to Defendants' motion for summary judgment. Despite being instructed by the Court to explain this delay in a properly noticed motion to amend (Doc. 59), Plaintiffs provide no explanation as to why they did not seek amendment earlier. Plaintiffs' failure to seek leave to add Officer Martinez as a defendant as soon as they knew or had reason to know the facts underlying her alleged liability is the product of undue delay.

This factor weighs strongly against allowing the proposed amendment.

### d. Futility of Amendment

Although the validity of the proposed amendment is not typically considered by courts in deciding whether to grant leave to amend, such leave may be denied if the proposed amendment is futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Defendants argue that the proposed amended complaint is futile as to Plaintiff Nicholson, as the statute of limitations under California law to allow for an amendment to add a defendant has expired and Nicholson was not part of the application to present a late tort claim. Plaintiffs assert that the request to add Officer Martinez as a defendant is not futile, as the applicable statute of limitations has not expired as to the minor Plaintiffs and Williams and the statute of limitations is equitably tolled as to Nicholson.[1]

---

[1] The parties contend that because Plaintiffs' 42 U.S.C. Section 1983 claims borrow from the forum state's statute of limitations, which is California for this action, the statute of limitations for relation back in suing fictitiously named defendants is three years. *See* Cal. Civ. Proc. Code §§ 474, 583.210; *Provencio v. Vazquez*, 258 F.R.D. 626, 631 (E.D. Cal. 2009). Defendants contend that since Nicholson filed her initial complaint on August 11, 2008, Plaintiffs'

9

As the Court has determined that Plaintiffs' motion to amend should be denied on other grounds, the Court declines to address the issue of futility of amendment. *See McAfee v. California*, No. 1:07-cv-00577 OWW GSA, 2008 WL 1901338, at *5 (E.D. Cal. April 28, 2008) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.Cal.2003) (citations omitted) (finding that denial based on futility of amendment is rare and challenges to the merits of a proposed amended pleading generally are delayed until after leave to amend is granted and the amended pleading is filed)).

Thus, even assuming that Plaintiffs' amendment is not futile, the motion must be denied because Plaintiffs failed to comply with Local Rule 137(c), as expressly instructed by the Court, and exhibited a lack of diligence under Rule 16(b) in seeking amendment. Further, due to prejudice to the Defendants and undue delay on the part of Plaintiffs, leave to amend under Rule 15(a) is not appropriate in any case.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to amend the complaint to name Bakersfield Police Officer Lynn Martinez as Doe 1 is DENIED.

IT IS SO ORDERED.

**Dated:   November 15, 2011**            /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

---

motion dated October 12, 2011, is thus untimely. Plaintiffs contend that Nicholson's claim was equitably tolled.

10