# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYRA NICHOLSON, et al., | CASE NO. 1:08-cv-01168-AWI-SKO |
| Plaintiffs, | RELATED CASE NO.: 1:11-cv-02041-AWI-SKO |
| v. | |
| BAKERSFIELD POLICE OFFICER DOSSEY, BADGE #897, et al. | **ORDER CONSOLIDATING CASES:** |
| | **1:08-cv-01168-AWI-SKO (Lead Case)** |
| Defendants. | **1:11-cv-02041-AWI-SKO** |

## I. INTRODUCTION

On August 11, 2008, Plaintiffs Amyra Nicholson, minor C.W., minor R.S.W., and Brittany Williams (collectively "Plaintiffs") filed a complaint against Defendants Dossey, Badge #897, City of Bakersfield, Officer R. Slayton, Officer K. Ursery, Officer J. Cooley, Officer J. Martin, Officer Ronnie Dulan, Officer J. Finney, Officer Scott Tunnicliffe, Sergeant Matt Pflugh, the County of Kern, and "Dep. County of Kern H. Appleton." (1:08-cv-01168-AWI-SKO, Doc. 1.) Plaintiffs asserted, *inter alia*, that they were subject to unreasonable searches arising out of events that took place on July 29, 2008.

On October 12, 2011, Plaintiffs filed a motion to amend the complaint, seeking to add Officers Lynn Martinez and Anthony White. (Doc. 61.) On November 16, 2011, the Court denied Plaintiffs' motion. (Doc. 69.) On December 9, 2011, Plaintiffs C.W. and R.S.W. filed a separate lawsuit against Officers Martinez and White asserting claims arising out of the same series of events

1  that occurred on July 29, 2008, as those complained of in the original action, case no. 1:08-cv-01168-
2  AWI-SKO.  On February 16, 2012, the Court ordered that the two matters (1:08-cv-01168-AWI-
3  SKO and 1:11-cv-01168-AWI-SKO) be related and vacated all the scheduling dates in the 1:08-
4  cv-01168-AWI-SKO action.  (1:08-cv-01168-AWI-SKO, Doc. 84.)  The Court ordered the parties to
5  submit a joint status report informing the Court how they wished to proceed in the two cases.  (1:08-
6  cv-01168-AWI-SKO, Doc. 89.)

7  On May 3, 2012, the parties requested that the Court set a scheduling conference in both
8  matters, establish deadlines, and set the cases for trial.  (1:08-cv-01168-AWI-SKO, Doc. 90, 2:12-
9  15.)  The parties also requested that the Court consolidate the cases "for trial and pretrial discovery,
10  including the initial Rule 26 disclosures that will need to be conducted in action no. 1:11-cv-02041."
11  (1:08-cv-1168-AWI-SKO, Doc. 90, 2:15-17.)

## II.   DISCUSSION

13  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, if actions before the court
14  involve a common question of law or fact, the court may:

15  (1) join for hearing or trial any or all matters at issue in the actions;

16  (2) consolidate the actions; or

17  (3) issue any other orders to avoid unnecessary cost or delay.

18  Even in the absence of a formal motion by a party, the court is empowered to consolidate cases that
19  involve common questions of law or fact *sua sponte*.  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487
20  (9th Cir. 1987) ("consolidation is within the broad discretion of the court . . . and trial courts may
21  consolidate cases sua sponte").

22  Here, the cases involve overlapping parties and the claims at issue all arise out of events that
23  took place at 3204 Cornell Street in Bakersfield, California on July 29, 2008.  In both cases,
24  Plaintiffs allege, *inter alia*, that they were subject to unreasonable searches in violation of the Fourth
25  and Fourteenth Amendments.  As these cases share common questions of law, arise out of the same
26  nucleus of facts, and involve overlapping parties, efficiency favors consolidation.  Moreover, the
27  parties have informally requested that the Court consolidate these matters for discovery and trial.
28

A scheduling conference has been held in both cases, and one schedule and one trial date will be set.

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Action number 1:08-cv-01168-AWI-SKO and action number 1:11-cv-02041-AWI-SKO shall be consolidated; and

2. All future filings shall be made in case number 1:08-cv-01168-AWI-SKO, which shall be deemed the lead case.

IT IS SO ORDERED.

**Dated:   May 25, 2012**                              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE