# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYRA NICHOLSON, et al., | CASE NO. 1:08-cv-01168-AWI-SKO |
| Plaintiffs, | **Consolidated Case: 1:11-cv-02041-AWI-SKO** |
| v. | |
| BAKERSFIELD POLICE OFFICER DOSSEY, BADGE #897, et al. | |
| Defendants. | |

## I.  INTRODUCTION

On August 11, 2008, Plaintiffs Amyra Nicholson, minor C.W., minor R.S.W., and Brittany Williams (collectively "Plaintiffs") filed a complaint against Defendants Dossey, Badge #897, City of Bakersfield, Officer R. Slayton, Officer K. Ursery, Officer J. Cooley, Officer J. Martin, Officer Ronnie Dulan, Officer J. Finney, Officer Scott Tunnicliffe, Sergeant Matt Pflugh, the County of Kern, and "Dep. County of Kern H. Appleton."[1]  (1:08-cv-01168-AWI-SKO, Doc. 1.)  Plaintiffs asserted, *inter alia*, that they were subject to unreasonable searches arising out of events that took place on July 29, 2008.

On May 29, 2012, this case was consolidated with Case No. 1:11-cv-02041-AWI-SKO. (Doc. 94.)  A new schedule for the consolidated cases was proposed by the parties, and a scheduling order was issued on May 31, 2012.  (Doc. 95.)  On August 24, 2012, the parties filed a stipulated

---

[1] Defendants County of Kern and H. Appleton were dismissed from the suit on April 26, 2011.  (Doc. 43.)

request seeking to modify the scheduling order. Specifically, the parties assert that they need additional time to conduct discovery related to Plaintiffs R.S.W. and Christina Watkins. (Doc. 96, 2:1-3.) The parties indicate that Plaintiff Amyra Nicholson passed away on August 14, 2012, thus the discovery proceedings have been delayed due to her illness and death. (Doc. 96, 2:4-6.)

## II.  DISCUSSION

The parties assert that the modified schedule they propose will not, "in any way, affect the trial date of August 20, 2013." (Doc. 96, 2:6-7.) Unfortunately, the dates proposed leave only two days between the hearing of dispositive motions (June 24, 2013) and the pre-trial conference (June 26, 2013), which cannot be accommodated.

While the Court is willing to grant a modification to the schedule in light of the circumstances, in proposing a schedule the parties must preserve the same number of weeks between the dates for the hearing of dispositive motions, the pre-trial conference, and the trial dates. Specifically, there must be approximately seven (7) weeks between the hearing date for dispositive motions and the pre-trial conference and approximately eight (8) weeks between the pre-trial conference and the trial. For example, to propose a schedule that preserves the trial and pre-trial conference dates, a dispositive motion could be heard as late as May 8, 2013, but not June 24, 2013, as proposed. **If the parties desire to preserve the trial date**, in formulating a proposed schedule, they should work backwards from May 8, 2013, as the last day for dispositive motions to be heard.

## III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulated request to modify the scheduling order is DENIED WITHOUT PREJUDICE; and
2. The parties may renew their request by proposing a schedule that comports with the specifications set forth above.

IT IS SO ORDERED.

Dated:   August 27, 2012              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE