# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WATKINS, et al., | Case No. 1:08-cv-01168-SKO |
| Plaintiffs, | **ORDER GRANTING THE MOTION FOR APPROVAL OF COMPROMISE SETTLEMENT FOR MINOR R.S.W.** |
| v. | |
| BAKERSFIELD POLICE OFFICER DOSSEY, BADGE #897, et al., | (Docket No. 117) |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

On July 20, 2013, Petitioner Christina Watkins ("Petitioner"), as the court-appointed guardian ad litem of Minor Plaintiff R.S.W. ("R.S.W."), filed a motion to approve the proposed settlement between R.S.W. and Defendants Dossey, Badge #897, et al. ("Defendants"). No opposition was filed. The matter was heard on August 21, 2013, before Magistrate Judge Sheila K. Oberto. (Doc. 120.) Plaintiff's counsel personally appeared and Defendants' counsel did not appear. (Doc. 120.) The Court found good cause to allow the Guardian and the Minor to appear telephonically due to transportation difficulties. *See* Rule 202(d) of the Local Rules of the United States District Court, Eastern District of California. On August 22 and 23, 2013, the parties consented to Magistrate Judge jurisdiction. (Doc. 121, 122.)

After reviewing the petition and the terms of the settlement at the August 21, 2013, hearing, the Court finds that the proposed settlement agreement is fair and reasonable. The Motion of Petitioner guardian ad litem Christina Watkins for Plaintiff Minor R.S.W. for Approval of Compromise Settlement and Attorney's Fees and Costs is GRANTED.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Amyra Nicholson ("Nicholson"), initially appearing pro se and *in forma pauperis*, filed her original complaint on August 11, 2008. (Doc. 1.) The Court dismissed the complaint without prejudice due to pleading deficiencies identified in the initial screening process. (Doc. 3.) Plaintiff Nicholson filed a first amended complaint on September 29, 2008, which was screened by the Court and dismissed with leave to amend on January 14, 2009. (Docs. 4, 5.) A second amended complaint was filed on January 29, 2009, and Plaintiff Nicholson filed a motion seeking limited pre-trial discovery on February 3, 2009. (Docs. 6, 7.)

Plaintiff obtained counsel on June 5, 2009, and moved to file a third amended complaint on October 14, 2009. (Docs. 12, 15.) On October 14, 2009, the Court deemed the motion to be a status conference statement and allowed the third amended complaint to be filed by October 19, 2009. (Docs. 16, 17.) The third amended complaint is the operative pleading.

The third amended complaint added Brittany Williams and Minors C.W. and R.S.W. as Plaintiffs. (Doc. 17.) Plaintiff Nicholson was appointed guardian ad litem for the Minor Plaintiffs. (Docs. 23, 24.) It alleges causes of action for violating federal civil rights, assault, battery, false imprisonment, and infliction of emotional distress. (Doc. 17.) Plaintiffs allege that on June 29, 2007, they were illegally detained and "essentially strip-searched" at their residence by officers of the Bakersfield Police Department. (Doc. 17, ¶ 14.) Plaintiffs assert that the Defendant police officers "reported that they were present to conduct a parole search of another occupant of plaintiffs' residence." (Doc. 17, ¶ 14.) Plaintiffs contend that "Plaintiffs Amyra Nicholson, minor C.W., and Brittany Williams were strip searched by a female officer . . . ." (Doc. 17, ¶ 14.) Plaintiff Minor R.S.W. was strip searched by a male officer. (Doc. 17, ¶ 14.) Plaintiffs further contend that "Defendant officer Dossey further used illegal and unjustified force to knock plaintiff

Amyra Nicholson to the ground, illegally searched her purse, and was present and personally participated in the decision(s) to strip search plaintiffs." (Doc. 17, ¶ 14.)

On August 24, 2012, the parties filed a Stipulation to Modify the Scheduling Order, noting that Nicholson had died on August 14, 2012, and a new guardian needed to be appointed for Minor Plaintiff R.S.W, but made no mention regarding the need for a guardian for Minor Plaintiff C.W. (Doc. 96.) On March 22, 2013, the parties filed a stipulation dismissing Nicholson from the action, which was granted by the Court on March 25, 2013. (Docs. 103, 104.)

On May 8, 2013, Plaintiffs filed a petition seeking to discharge the guardian ad litem for Plaintiff C.W., who had emancipated to adulthood. (Doc. 108.) Plaintiff C.W. was then identified by her full name of Christina Watkins ("Watkins"). (Doc. 108.) Plaintiffs also filed a petition to appoint Watkins as the guardian ad litem for Minor Plaintiff R.S.W. (Doc. 109.) On May 14, 2013, the Court granted Plaintiffs' petitions. (Doc. 110.)

On June 5, 2013, Plaintiffs filed a Notice of Settlement, indicating that this matter had settled in its entirety. (Doc. 114.) On June 6, 2013, the Court issued an order requiring Plaintiffs to file a Petition for Approval of Minor's Compromise as to the settlement for Minor R.S.W., and that the parties' final dismissal documents be filed within twenty-one (21) days of the Court's final approval of the Minor's Compromise. (Doc. 115.)

Plaintiffs filed the instant Motion for Approval of Compromise Settlement for Plaintiff Minor R.S.W. on July 20, 2013. (Doc. 117.) A hearing was held before the Court on August 21, 2013, to review the terms of the compromise settlement. (Doc. 120.) Plaintiffs and Defendants consented to Magistrate Judge jurisdiction on August 21 and 22, 2013, respectively. (Docs. 121, 122.)

### III.   DISCUSSION

**A.   Legal Standard for Compromise of Minor's Claim**

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the

context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (internal citation marks omitted)).

In *Robidoux*, the United States Court of Appeals for the Ninth Circuit provided specific guidance "on how to conduct this independent inquiry." *Robidoux*, 638 F.3d at 1181. While the Ninth Circuit noted that district courts have typically applied state law and the local rules governing the award of attorney's fees to make the reasonableness and fairness determination, the court held that "this approach places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id*. The Ninth Circuit held that, instead, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1181-82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078).

Local Rule 202(b) sets forth that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise."  Local Rule 202(b)(2) further provides in pertinent part that an application for approval of a settlement of a minor:

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .

**B.     Terms of the Compromise Settlement**

Here, the motion sets forth that Minor Plaintiff R.S.W. is currently 17 years of age. (Doc. 117, 6:23.)  The motion presents the facts and circumstance of the case and indicates the manner

4

1 in which a settlement was reached. (Doc. 117, 8:19-9:12.) Further, the motion establishes that, out of the total global settlement amount of $35,000, Plaintiffs' counsel will receive $4,710.37 in total costs and $6,000.00 in attorney's fees, which is approximately 20% of the settlement amount after costs and significantly less than the 40% contingency fee provided by the Written Fee Agreements. (Doc. 117, 8:3-9, 11:5-10, Exh. 2.) The three Plaintiffs will divide the total net settlement, each receiving one-third. (Doc. 117, 7:10-8:9.) Minor Plaintiff R.S.W. will receive a total amount of $8,096.54 after fees and costs. (Doc. 117, 8:1-19.) The Court must thus determine whether the amount allocated for the Minor Plaintiff is reasonable and fair.

**C.     The Reasonableness and Fairness of the Settlement Amount**

In *Robidoux*, the Ninth Circuit directed district courts considering the compromise of a minor's claim to examine the fairness and reasonableness of the net settlement amount in view of the facts of the case, the minor's specific claim, and the recovery in similar cases. *Robidoux*, 638 F.3d at 1181-82. Here, the settlement agreement was reached following a settlement conference before Magistrate Judge Oberto and more than 3 hours of mediation before attorney Oliver U. Robinson in Bakersfield. (Doc. 117, 8:19-9:12.) As such, Judge Oberto is familiar with the facts of this case and the representations made by the parties concerning the Minor Plaintiff R.S.W.'s injuries and damages.

Plaintiffs note that settlement negotiations before the Court ended with Defendants offering $6,500 for Williams' claims, and $4,500 each to Watkins and R.S.W. for their claims. (Doc. 117, 8:19-25.) Further negotiations in mediation resulted in an offer of $30,000 by Defendants, which was represented as the maximum amount that would be offered. (Doc. 117, 8:26-9:2.) Ultimately, Defendants offered an additional $5,000, but only if Plaintiffs would accept $35,000 in full and final settlement. (Doc. 117, 9:2-4.) Plaintiffs agreed to the settlement amount, and Plaintiffs' counsel is of the opinion that $35,000 was the maximum amount that Defendants would pay to settle the case. (Doc. 117, 9:4-12, 11:26-28.)

Plaintiffs assert that they were each subjected to a strip search, which Defendants deny took place. (Doc. 117, 5:7-25.) Plaintiffs did not suffer physical injury, but each was "emotionally upset by their respective searches." (Doc. 117, 6:8-11.) Minor Plaintiff R.S.W.

5

testified at his deposition that "he found it hard to sleep after this incident, and that he continued to have nightmares for a couple of months, but that he had not seen any medical or mental health provider as a result of this incident." (Doc. 117, 6:15-18.) The motion sets forth that it is in Minor Plaintiff R.S.W.'s best interest to resolve the case pursuant to the terms of the settlement, and asserts that the settlement is fair and reasonable to R.S.W. under the circumstances of this case. (Doc. 117, 9:2-20.)  Plaintiffs provide further evidence that, in a similar case involving strip searches, following a trial, the plaintiffs were awarded $5,000 plus attorney's fees. (Doc. 117, 9:13-20, Exh. 3.)

Plaintiffs filed this action in 2008, and the facts of the case were thoroughly investigated and developed over the course of the litigation.  The Court notes that Defendants had filed a motion for summary judgment, which was granted in part and denied in part. (*See* Docs. 51, 75.) As such, this case was scheduled for trial.  A settlement ensures that the Minor Plaintiff receives compensation for his claims without facing the uncertainty of trial.

After reviewing the facts of this case, the Court finds the settlement amount allocated to Minor Plaintiff R.S.W of $8,096.54 to be fair and reasonable.  Within 72 hours of receipt of a check payable to the order of the Petitioner as Trustee for Minor Plaintiff R.S.W, Minor Plaintiff R.S.W.'s settlement amount shall be placed into a blocked account.  The settlement amount shall be held in a the blocked account for the benefit of Minor Plaintiff R.S.W., and shall be transferred to the Minor's custody when he reaches the age of 18.  No withdrawals of principal or interest may be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until Minor Plaintiff R.S.W. attains the age of 18 years. *See* Local Rule 202(f).  When Minor Plaintiff R.S.W. attains the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former Minor, upon proper demand, all monies including interest deposited under this order. The money on deposit is not subject to escheat.  Plaintiffs' attorney and the guardian ad litem shall deliver to the depository a copy of this order at the time of deposit.

Pursuant to the Court's June 6, 2013, order, the parties' final dismissal documents shall be filed within twenty-one (21) days of the date of this order. (Doc. 115.)

## IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The proposed settlement between Minor Plaintiff R.S.W. and Defendants is APPROVED as fair and reasonable;

2. The Motion of Petitioner Christina Watkins, guardian ad litem for Plaintiff Minor R.S.W., for Approval of Compromise Settlement and Attorney's Fees and Costs is GRANTED;

3. Minor Plaintiff R.S.W shall receive $8,096.54 by way of settlement;

4. Within 72 hours of receipt of a check payable to the order of the Petitioner as Trustee for Minor Plaintiff R.S.W., Petitioner shall deposit the check in a blocked account at a federally insured bank or credit union;

5. The settlement amount shall be transferred to Minor Plaintiff's custody at age 18;

6. Petitioner and Minor Plaintiff's attorney shall deliver to the depository a copy of this order at the time of deposit;

7. No withdrawals of principal or interest may be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until Minor Plaintiff attains the age of 18 years. When Minor Plaintiff R.S.W. attains the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former Minor, upon proper demand, all monies including interest deposited under this order.  The money on deposit is not subject to escheat; and

8. The parties' final dismissal documents shall be filed within twenty-one (21) days of the date of this order.

IT IS SO ORDERED.

Dated:   **August 26, 2013**                    **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE